Jimmy C. WINGO, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 85–4580.

United States Court of Appeals, Fifth Circuit.

April 4, 1986.

Robert Selcov, Ward J. Oliver, Poughkeepsie, N.Y., Stephen M. Latimer, East Brunswick, N.J., F. Ray Mouton, Jr., Lafayette, La., for petitioner-appellant.

Henry N. Brown, Jr., Dist. Atty., Benton, La., for respondent-appellee.

Before GEE, REAVLEY and HILL, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion February 24, 1986, 5th Cir.1986, 783 F.2d 1046)

PER CURIAM:

By motion for rehearing Jimmy Wingo contends that we failed to review his conviction under the standard prescribed by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Arguably, the point was before us, and we supplement our opinion to reflect its disposition.

*Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), holds that Eighth Amendment proportionality forbids the punishment of death absent an intention or contemplation that life be taken. In *Cabana v. Bullock,* —— U.S. ——, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), the Supreme Court explains that for *En-*

*mund* purposes the finding of the requisite culpability can be made subsequent to trial by a state court and, in some cases, even by a federal court. On the other hand, where the specific intent to kill is an element of the crime itself, the verdict of guilt is reviewable on collateral attack in federal court. To satisfy the due process requirement of the Fourteenth Amendment, the evidence as viewed most favorably to the prosecution must warrant the conclusion that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 313, 99 S.Ct. at 2789.

 In Wingo's state appeal, the Supreme Court of Louisiana reviewed the evidence and concluded that a rational juror "could have concluded beyond a reasonable doubt that defendant actively participated in the killing of the victims (whose deaths were obviously purposefully inflicted)." *State v. Wingo,* 457 So.2d 1159, 1164–65 (La.1984). That court's determination is entitled to great weight in our review. *Parker v. Procunier,* 763 F.2d 665, 666 (5th Cir.1985). We concur in that decision for the reasons given by the Louisiana court and in light of our discussion of the record in our former opinion.

The petition for rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.