ROY NOBLE LEE, Presiding Justice,
for the Court:
Gregory Montecarlo Jones was first convicted of capital murder on May 28, 1981, and was sentenced to death. On November 28, 1984, this Court reversed the conviction because of the admission into evidence of a video-taped confession, or parts of it, after Jones had stated “I prefer not to speak to that.” He was tried again in the Harrison County Circuit Court, found guilty on April 3, 1985, and for the second time, the death penalty was imposed.

Facts

Briefly, on the morning of January 21, 1981, officers of the Biloxi Police Department received a call to investigate a homicide at 629 Lameuse Street in Biloxi. There, the officers found Josie Jones, a 62-year-old female, lying dead on her living room floor. She had been fatally shot by three .22-caliber bullets. The rifle was on the floor near her body. The victim had lived at this address with one Alexis Kingston, who had suffered a stroke and was hospitalized. Montecarlo Jones was a boarder at the house and from the time Kingston suffered the stroke until January 19, 1981, he was the only occupant of the home other than Josie Jones.
The officers began an investigation, but were unable to find eye-witnesses or a suspect until they developed that Montecarlo Jones had lived in the home and had not been seen since January 19, 1981. Also, the pickup truck owned by the victim had been missing since that time. The Biloxi police learned that Jones was originally from Perry County, and they contacted the Perry County Sheriff’s Office about 10:00 on the morning of January 21, 1981, and inquired whether those officers knew Mon-tecarlo (Sonny) Jones. The police were informed that on the previous evening a pickup truck with a Harrison County license tag had been towed into New Augusta following the driver’s arrest for driving under the influence of intoxicating liquor. The vehicle turned out to be the victim’s truck and the driver was Montecarlo Jones. In due course, after waiving his Miranda rights, Jones admitted he was involved in the homicide, although contending that another person had done the actual killing.[1]

Law Questions

The appellant assigns fourteen (14) errors in the trial below, which will be discussed hereinafter.
I.THE COURT ERRED IN FINDING THAT APPELLANT WAS LAWFULLY ARRESTED.
II. THE COURT ERRED IN FINDING APPELLANT’S CONFESSIONS WERE FREELY AND VOLUNTARILY GIVEN.
V. THE COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT.
The three assignments above were covered in the first appeal and were decided adversely to the appellant. That decision constitutes the law of the case and the assignments are barred on the present appeal. Jones v. State, 461 So.2d 686, 694, 695, 697 (Miss.1984); Irving v. State, 441 So.2d 846, 848 (Miss.1983); Jordan v. State, 464 So.2d 475, 477 (Miss.1985).
III. THE COURT ERRED IN PERMITTING THE STATE TO SYSTEMATICALLY EXCLUDE BLACK VENIREMEN BY PEREMPTORY CHALLENGE.
IV. THE COURT ERRED IN EXCUSING FOR CAUSE THOSE VENIREMEN WHO DID NOT BELIEVE IN CAPITAL PUNISHMENT.
*1298 Relating to III, appellant cites Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). However, he concedes that no objection was raised either during the trial or on the motion for new trial. Counsel’s excuse for waiving the claim at trial is that under prior law he felt he would be unsuccessful on the point. That reason given is insufficient. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Young v. Herring, 777. F.2d 198 (5th Cir.1985) Sanders v. State, 479 So.2d 1097 (Miss.1985); Barnette v. State, 478 So.2d 800 (Miss.1985); Hines v. State, 472 So.2d 386 (Miss.1985); Gray v. State, 472 So.2d 409 (Miss.1985); Billiot v. State, 454 So.2d 445 (Miss.1984).
Batson v. Kentucky, supra, required a defendant to show
1. That he is a member of a “cognizable” racial group;
2. That the prosecutor has exercised peremptory challenges toward the elimination of veniremen of his race; and
3. That facts and circumstances infer that the prosecutor used his peremptory challenges for the purpose of striking minorities.
476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87-88.
Appellant contends on IV that the court erred in excusing two jurors for cause, i.e., Cooksey and Hebert, under the Wither-spoon test. Pertinent parts of the voir dire of those jurors follow:
BY THE COURT: All right. How about Capital Punishment now, you folks, you four up here. Do you have any conscientious scruples against it, Mr. Cooksey?
BY MR. COOKSEY: Yes, sir.
BY THE COURT: Huh?
BY MR. COOKSEY: Yes, sir.
BY THE COURT: You do?
BY MR. COOKSEY: I do.
BY THE COURT: You could not impose it, under any conditions?
BY MR. COOKSEY: No, sir.
BY THE COURT: Regardless of what the evidence might show, you could not impose the Death Penalty?
BY MR. COOKSEY: I could not.
BY THE COURT: All right, sir. I’ll let you step down.
# * # # * *
BY THE COURT: Mrs. Hebert, have you heard all the questions that’s [sic] been asked today?
BY MRS. HEBERT: Yes, sir.
BY THE COURT: Do you know anybody that’s involved in this case?
BY MRS. HEBERT: No, sir.
BY THE COURT: You know any reason you couldn’t be a fair Juror?
BY MRS. HEBERT: Yes, sir.
BY THE COURT: What’s that?
BY MRS. HEBERT: I would not vote for the Death Penalty.
BY THE COURT: You would not vote for the Death Penalty under any circumstances, is that what you tell me?
BY MRS. HEBERT: Yes, sir.
BY THE COURT: Regardless of what the evidence might show, you would not vote for it. Is that right, Mrs. Hebert?
BY MRS. HEBERT: That’s right.
BY THE COURT: All right, you can step down, Mrs. Hebert. Call back tomorrow afternoon.
The jurors stated that they could not under any condition impose the death penalty regardless of what the evidence showed. Appellant obviously relies upon the fact that the word “automatically” was not used by the trial judge in the voir dire and that failure to do so constituted error.
Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), has been modified and supplanted by Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). We are of the opinion that the jurors were correctly excused under Wainwright v. Witt, supra, and under the more stringent test stated in Wither-spoon v. Illinois, supra. The assignments of error are rejected.
IV. THE COURT ERRED IN FAILING TO INSTRUCT THE JURY THAT THIS IS A CIRCUMSTANTIAL EVI *1299 DENCE CASE AND THAT THE STATE OF MISSISSIPPI MUST PROVE ITS CASE TO THE EXCLUSION OF EVERY OTHER REASONABLE HYPOTHESIS AND TO A MORAL CERTAINTY.
Point VI raised by the appellant is rejected for the reason that this is not an entirely circumstantial evidence case. Instances of direct evidence are (1) confession of appellant, (2) direct evidence of officers arresting Jones and taking possession of the victim’s pickup truck, (3) evidence that an alleged accomplice mentioned by Jones was incarcerated elsewhere at the time of the homicide. In Keys v. State, 478 So.2d 266, 267 (Miss.1985), this Court spoke concerning granting an instruction on circumstantial evidence:
Keys invokes a familiar rule. Where the nature of the State’s evidence is circumstantial, the sort of instruction requested by Keys here must be given. Flanagin v. State, 473 So.2d 482, 485 (Miss.1985); Hester v. State, 463 So.2d 1087 (Miss.1985); Flemmons v. State, 419 So.2d 1034, 1036 (Miss.1982); Westbrook v. State, 202 Miss. 426, 432-33, 32 So.2d 251, 252 (1947).
It is the law in this state that, where the evidence for the prosecution is wholly circumstantial in nature, the accused is entitled upon request to have the jury instructed that, before they may convict, they must find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. See, e.g., Billiot v. State, 454 So.2d 445, 461-62 (Miss.1984). There is, to be sure, loose talk in some of our cases to the effect that the circumstantial evidence instruction must be given where only one of the elements of the offense charged is established circumstantially. See, e.g., Collins v. State, 447 So.2d 645, 646 (Miss.1984); King v. State, 315 So.2d 925, 926 (Miss.1975); Love v. State, 208 So.2d 755, 757 (Miss.1968). A correct statement is that the instruction must be given only where the prosecution is without a confession and wholly without eye witnesses to the gravamen of the offense charged.
See also Mack v. State, 481 So.2d 793, 795 (Miss.1985).
VII. THE COURT ERRED IN FAILING TO GIVE JURY INSTRUCTION D-6.
Appellant argues that the denial of Instruction D-6 constitutes reversible error. The instruction follows:
The Court instructs the Jury that intent to steal is a necessary element of the crime of murder while engaged in the commission or robbery and such intent to steal must be formulated by the Defendant prior to or contemporaneously with the homicide.
If you find from the evidence, beyond a reasonable doubt, that the Defendant, GREGORY MONTECARLO JONES, murdered Josie Jones but that the intent to steal was formulated afterwards, you may not find the Defendant guilty of Capital Murder but may find him guilty of Murder.
It is obvious that D-6 is a lesser-included offense instruction. Swanier v. State, 473 So.2d 180 (Miss.1985); Gillum v. State, 468 So.2d 856 (Miss.1985); Gates v. State, 484 So.2d 1002 (Miss.1986); Cabello v. State, 490 So.2d 852 (Miss.1986), cert, den:, 476 U.S. 1164, 106 S.Ct. 2291, 90 L.Ed.2d 732 (1986); Gray v. State, 472 So.2d 409 (Miss.1985). Further, “intent to steal”, as used in the instruction, is not correct. “Intent to rob” is the necessary intent of the capital underlying felony. The statute defining robbery does not mention the word “steal” anywhere therein. Instructions D-5 and S-2 properly submitted the question to the jury.
JURY INSTRUCTION D-5
The Court instructs the Jury that Robbery is defined as feloniously taking the personal property of another in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person.
*1300 If the State has proved the elements of murder beyond a reasonable doubt but has failed to prove any one or more of the elements of robbery beyond a reasonable doubt, then you shall not find the Defendant guilty of Capital Murder, but you shall find the Defendant guilty of Murder.
INSTRUCTION NO. S-2
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Gregory Montecarlo Jones, on or about the time and date charged and testified about, in the Second Judicial District of Harrison County, Mississippi, did unlawfully, wilfully, feloniously and of his malice aforethought, and not in necessary self-defense, kill and murder a human being, to-wit: Josie Lincoln Jones, then if you so believe from the evidence in this case beyond a reasonable doubt, the defendant is guilty of Murder and it is your sworn duty to say so by your verdict.
Also, see Pickle v. State, 345 So.2d 623 (Miss.1977).
There is no merit in the assignment.
VIII. THE COURT ERRED IN ALLOWING THE JURY TO CONSIDER AGGRAVATING CIRCUMSTANCES (1) (2) AND (3).
Here appellant contends that the court erred in allowing the jury to consider aggravating circumstances (1) ... engaged in the commission of robbery, (2) committed for pecuniary gain, and (3) especially heinous, atrocious or cruel. This Court has previously rejected the argument following Assignment VIII. Appellant contends that using the aggravating factors of “commission of robbery” and “pecuniary gain” amounts to doubling up on aggravating circumstances. Also, he contends that “especially heinous, atrocious or cruel” should be defined for the benefit of the jury.
The argument of “doubling up” or “stacking” was rejected again in Wiley v. State, 484 So.2d 339, 351 (Miss.1986):
The legislation permits both aggravating factors of pecuniary gain and robbery as two distinct and separate circumstances. This Court has addressed this charge in previous cases and found that it does not constitute a stacking of the same factor, but does constitute distinct separate aggravating circumstances. Gray v. State, 472 So.2d 409 (Miss.1985); Jordan v. State, 464 So.2d 475 (Miss.1985); Irving v. State, 441 So.2d 846 (Miss.1983); Hill v. State, 432 So.2d 427 (Miss.1983); Gilliard v. State, 428 So.2d 576 (Miss.1983); Smith v. State, 419 So.2d 563 (Miss.1982). The fact that two circumstances are distinct and separate is more apparent when the underlying felony is one other than robbery, i.e., rape, kidnapping, etc. This Court has followed the statute in interpreting this assertion and finds no merit to this argument. However, attention is called to the bench of this defense claim for the close scrutiny by the trial judge in submission of aggravating circumstances of both robbery and pecuniary gain.
484 So.2d at 351.
See also State v. Irwin, 304 N.C. 93, 282 S.E.2d 439, 448 (1981); Engberg v. State, 686 P.2d 541 (Wyo.1984); Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980); State v. McDonald, 661 S.W.2d 497 (Mo.1983); State v. Gretzler, 135 Ariz. 42, 659 P.2d 1 (1983); Gray v. Lucas, 677 F.2d 1086 (5th Cir.1982) cert, den., 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815 (1983); Wingo v. Blackburn, 783 F.2d 1046 (5th Cir.1986) reh. den., 786 F.2d 654 (5th Cir.1986); Evans v. Thigpen, 631 F.Supp. 274 (S.D.Miss.1986) cert, den., 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986).
We reject the contention of Point VIII.
IX. THE COURT ERRED IN FAILING TO ALLOW THE JURY TO CONSIDER THE MENTAL RETARDATION OF THE DEFENDANT AS A MITIGATING CIRCUMSTANCE.
Jones assigns as error that the lower court erred in refusing appellant’s D-9 instruction which sought to submit to the jury appellant’s mental retardation condi *1301 tion. The jury was instructed on six (6) separate mitigating factors:
1. The Defendant has no significant history of prior criminal activity;
2. The offense was committed while the Defendant was under the influence of extreme mental or emotional disturbance;
3. The Defendant was an accomplice in the capital offense committed by another person and his participation was relatively minor;
4. The capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired;
5. The age of the Defendant at the time of the crime;
6. Any other matter, any other aspect of the Defendant’s character or record, and any other circumstance of the offense brought you during the trial of this cause which you, the Jury, deem to be mitigating on behalf of the Defendant.
(R.Vol.IX, 1608-09)
The factors (2), (4) and (6) permitted oral argument involving mental retardation, and, following that instruction, defense counsel argued the following to the jury:
Now, also, Greg’s capacity. Greg is mentally retarded. We asked Dr. Howard to come over here, put Dr. Howard up on the witness stand and Dr. Howard said that he’s got an I.Q. of 61. He’s in the lowest one percent of all persons. He functions on a second grade level. He has a functioning level of approximately a seven year old. His reading level is only, maybe a second grader or a third grader. Greg is mentally retarded. Now, I think his capacity should be considered as a mitigating circumstance.... His capacity should be considered as a lessening circumstance. The fact that he is unable to appreciate the circumstances on January 19th, 1981.
******
Now, the age of the Defendant, you know, the law doesn’t say that this is a biological age. It just says age. Now, we know what his biological age was at that time, about twenty-four years old. But, what was his mental age? What was his age as far as his ability to perform? It was seven or eight.
Now, are you going to consider his mental age or are you going to consider his biological age, when you review these mitigating circumstances?
******
Would you send a seven year old child, if he was on the stand for murder, would you consider that person to be a candidate for the death penalty?
Point IX is rejected.
X. THE COURT SHOULD HAVE DEFINED THE PHRASE “ESPECIALLY HEINOUS, ATROCIOUS AND CRUEL.”
This Court has never found that such an instruction is constitutionally required, nor has any case appearing here been reversed for failure to grant the instruction defining “heinous, atrocious and cruel.” We have held that the terms are not likely to be misunderstood and that they require no further definition. Tokman v. State, 435 So.2d 664 (Miss.1983); Irving v. State, 441 So.2d 846 (Miss.1983); Edwards v. State, 441 So.2d 84 (Miss.1983); Coleman v. State, 378 So.2d 640 (Miss.1979). This Court has condemned the efforts of lower courts to define “reasonable doubt” or “malice.” As stated, such terms should be left to the jury for its understanding and for applying its knowledge and experience. We think the same reasoning and logic applies here and the assignment is denied.
XI. THE PROSECUTING ATTORNEY MADE IMPROPER ARGUMENT TO THE JURY DURING CLOSING ARGUMENTS IN THE PENALTY PHASE.
The district attorney, in closing argument, said that
Under “B”, there are three different criteria listed and it says that only one of those has to exist, in the aggravating stage, before you can return the death penalty. All three, we submit, exist. And, when you look at these, I am sure you are going to agree.
*1302 Down on the second page, there is a list of six, in mitigation. As Gray told you, nothing sounds in mitigation.
They presented Dr. Howard to give you mitigation and he said he knew what he was doing, then and now. And just because he’s at the labor level of life, does not mean that he’s exempt from law.
And so those six “cut loose” reasons down there, I hope that you will remember your oath that you would follow the law and not find some excuse to cut him loose.
On motion for a new trial and argument in support of the motion, the trial judge, in overruling the motion, said:
I guess, in a way, that would be somebody’s notion as to what “turned loose” would imply. Of course, if you was [sic] trying to say that he would get parole, that would be reversible error. But, I don’t think that was stated in any such context as that.
Defense counsel responded, “No, sir, he didn’t.”
In commenting upon the argument of the district attorney, the defense counsel agreed with the judge that the prosecutor’s closing statement was not meant to imply that one given a life sentence could be eligible for parole. In our opinion, the argument made by the prosecuting attorney, while not entirely clear, was not impermissible and did not constitute reversible error. Neal v. State, 451 So.2d 743 (Miss.1984); Howell v. State, 411 So.2d 772 (Miss.1982).
XII.THE DEFENDANT IS NOT ELIGIBLE FOR THE DEATH PENALTY UNDER THE ENMUND V. FLORIDA DECISION OF THE UNITED STATES SUPREME COURT.
Appellant contends that the sentence of death imposed upon him does not conform to the requirements of Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). This contention is misplaced. The lower court instructed the jury in part as follows:
A.
To return the death penalty in this case you must first unanimously find, in writing, from the evidence beyond a reasonable doubt that one or more of the following facts existed:
1. That the Defendant actually killed Josie Lincoln Jones;
2. That the Defendant attempted to kill Josie Lincoln Jones;
3. That the Defendant intended that the killing of Josie Lincoln Jones take place;
4. That the Defendant contemplated that lethal force would be employed.
In its verdict, the jury found two of those factors to exist, viz,
WE, THE JURY, UNANIMOUSLY FIND FROM THE EVIDENCE BEYOND A REASONABLE DOUBT THAT THE FOLLOWING FACTS EXISTED AT THE TIME OF THE COMMISSION OF THE CAPITAL MURDER:
3. THAT THE DEFENDANT INTENDED THAT THE KILLING OF JOSIE LINCOLN JONES TAKE PLACE.
4. THAT THE DEFENDANT CONTEMPLATED THAT LETHAL FORCE WOULD BE EMPLOYED.
Those findings of the jury conform to the requirements of Mississippi Code Annotated § 99-19-101(7) (Supp.1985), and follow the constitutional standard enunciated in Enmund, supra. We are of the opinion that there is no merit in Assignment XII.
XIII. THE IMPOSITION OF THE DEATH PENALTY IS DISPROPORTIONATE TO THE PENALTY IMPOSED IN SIMILAR CASES CONSIDERING BOTH THE CRIME AND THE DEFENDANT.
XIV. THE DEATH PENALTY IS UNCONSTITUTIONAL AS APPLIED TO GREGORY MONTECARLO JONES.
Pursuant to Mississippi Code Annotated § 99-19-105(3)(a), (b), (c) and (5) and the decisions of this Court and the Federal courts on imposition of the death penalty, we have reviewed the record in this case and have compared it and the death sen *1303 tence imposed in the cases decided by this Court since Jackson v. State, 337 So.2d 1242 (Miss.1976), which cases are set forth in Appendix A.
The case of Edwards v. State, 441 So.2d 84 (Miss.1983), cited by appellant, is distinguished from the present case. In Edwards, the defendant was committed to Mississippi State Hospital, Whitfield, Mississippi, under a court adjudication and order that he was insane. He escaped and before being returned to the institution, committed the homicide of a policeman. Edwards’ death sentence was commuted to life by this Court as one with “a long history of suffering from the mental disease schizophrenia of the paranoid type.” 441 So.2d at 93. Neal v. State, 451 So.2d 743 (Miss.1984) is more comparable to the case sub judice. In Neal, the defendant had an I.Q. of 54, lower than that of appellant Jones. It was held that mild mental retardation creates no per se bar to execution.
We now hold that after a review of the cases coming before this Court, and comparing them to the present case, the punishment of death is not too great when the aggravating and mitigating circumstances are weighed against each other and the death penalty will not wantonly or freakishly be imposed here.
We find and conclude that the death sentence was not imposed under the influence of passion, prejudice or any other arbitrary factor, and that the sentence of death is not excessive or disproportionate to the penalty imposed in those cases since 1976, considering both the crime and the manner in which it was committed and the defendant; that the death penalty imposed on Jones is consistent and even-handed to like and similar cases; and that the sentencing phase followed in his trial provided a meaningful basis for distinguishing the few cases in which the death penalty is imposed and the many cases in which it is not imposed.
The judgment of the lower court is affirmed and Wednesday, February 25, 1987, is set for execution of the sentence and the infliction of the death penalty in the manner provided by law.
AFFIRMED. WEDNESDAY, FEBRUARY 25, 1987, SET FOR EXECUTION OF THE DEATH PENALTY.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
ROBERTSON, J., concurs with sections I-VII, IX and XI-XIV, concurs with results to sections VIII and X, and files separate concurring opinion, joined by DAN M. LEE and PRATHER, JJ., as to sections VIII and X.
GRIFFIN, J., not participating.
APPENDIX A
DEATH CASES AFFIRMED BY THIS COURT:
Johnson v. State, 477 So.2d 196 (Miss.1985); Gray v. State, 472 So.2d 409 (Miss.1985); Cabello v. State, 471 So.2d 332 (Miss.1985); Jordan v. State, 464 So.2d 475 (Miss.1985); Wilcher v. State, 455 So.2d 727 (Miss.1984); Billiot v. State, 454 So.2d 445 (Miss.1984); Stringer v. State, 454 So.2d 468 (Miss.1984); Dufour v. State, 453 So.2d 337 (Miss.1984); Neal v. State, 451 So.2d 743 (Miss.1984); Booker v. State, 449 So.2d 209 (Miss.1984); Wilcher v. State, 448 So.2d 927 (Miss.1984); Caldwell v. State, 443 So.2d 806 (Miss.1983); Irving v. State, 441 So.2d 846 (Miss.1983); Tokman v. State, 435 So.2d 664 (Miss.1983); Leatherwood v. State, 435 So.2d 645 (Miss.1983); Hill v. State, 432 So.2d 427 (Miss.1983); Pruett v. State, 431 So.2d 1101 (Miss.1983); Gilliard v. State, 428 So.2d 576 (Miss.1983); Evans v. State, 422 So.2d 737 (Miss.1982); King v. State, 421 So.2d 1009 (Miss.1982); Wheat v. State, 420 So.2d 229 (Miss.1982); Smith v. State, 419 So.2d 563 (Miss.1982); Johnson v. State, 416 So.2d 383 (Miss.1982); Edwards v. State, 413 So.2d 1007 (Miss.1982); Bullock v. State, 391 So.2d 601 (Miss.1980); Reddix v. State, 381 So.2d 999 (Miss.1980); Jones v. State, 381 So.2d 983 (Miss.1980); Culberson v. State, 379 So.2d 499 (Miss.1979); Gray v. State, *1304 375 So.2d 994 (Miss.1979); Jordan v. State, 365 So.2d 1198 (Miss.1978); Voyles v. State, 362 So.2d 1236 (Miss.1978); Irving v. State, 361 So.2d 1360 (Miss.1978); Washington v. State, 361 So.2d 61 (Miss.1978); Bell v. State, 360 So.2d 1206 (Miss.1978). DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE:
West v. State, 485 So.2d 681 (Miss.1985); Fisher v. State, 481 So.2d 203 (Miss.1985); Johnson v. State, 476 So.2d 1195 (Miss.1985); Fuselier v. State, 468 So.2d 45 (Miss.1985); West v. State, 463 So.2d 1048 (Miss.1985); Jones v. State, 461 So.2d 686 (Miss.1984); Moffett v. State, 456 So.2d 714 (Miss.1984); Lanier v. State, 450 So.2d 69 (Miss.1984); Laney v. State, 421 So.2d 1216 (Miss.1982).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RE-SENTENCING TO LIFE IMPRISONMENT:
Edwards v. State, 441 So.2d 84 (Miss.1983); Dycus v. State, 440 So.2d 246 (Miss.1983); Coleman v. State, 378 So.2d 640 (Miss.1979).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY:
Pinkton v. State, 481 So.2d 306 (Miss.1985); Mhoon v. State, 464 So.2d 77 (Miss.1985); Cannaday v. State, 455 So.2d 713 (Miss.1984); Wiley v. State, 449 So.2d 756 (Miss.1984); Williams v. State, 445 So.2d 798 (Miss.1984).

. The facts are practically identical on both trials. They are set out in more detail in Jones v. State, 461 So.2d 686 (Miss.1984), at 686-689, 696, 697-98.