EASLEY, Justice,
concurring:
¶ 28. Ella Mae Spears (Spears) was a mother and grandmother who was silenced by a brutal murder. Who speaks for Spears? The evidence does. Hard evidence was presented to a Franklin County jury to support Knox’s conviction for capital murder.
¶ 29. There exists sufficient evidence to support the underlying felony of robbery, a necessary element to elevate the crime of murder to capital murder. See Miss.Code Ann. §§ 97-3-19(2) & -73 (2000).
¶ 30. First, the facts prove that Spears was murdered by strangulation in her garage, and her body thrown into the trunk of her car. Second, the keys to Spears’s car and house were found on Knox when he was questioned by the police. Third, when recovered, Knox’s clothes, had Spears’s blood on them. Fourth, Knox drug Spears’s body to place it inside the trunk thereby leaving a blood trail. Fifth, Knox took Spears’s keys from her body. The blood trail proves these facts. There was no blood trail going to the house or in the car’s interior which proves Knox did not enter Spears’s house or ear to take her keys, but he took the keys directly off Spears’s person. Sixth, Spears’s body was covered with a large amount of her own blood, which shows during the strangulation Spears struggled for her life before dying. Spears’s blood came from a head wound and from the blood depositing in her lungs. Her murder was not fast or painless but, instead, was a heinous, brutal death.
¶ 31. The evidence presented to the jury in this case clearly established beyond a reasonable doubt all elements necessary to determine Knox robbed Spears by taking her keys and murdering her. Pursuant to Miss.Code Ann. § 97-3-19(2) the murder of Spears, elevated by the robbery, constitutes capital murder. At trial, the jury heard this same evidence and found Knox guilty of capital murder.
¶ 32. Keys unlock our dwellings, transportation, and safe deposit boxes. Keys are clearly personal property and would not be freely given to an intruder without violence or a threat of violence. In adopting Miss.Code Ann. § 97-3-73, the Mississippi Legislature did not place any minimum value on personal property in deciding what constitutes personal property; therefore, keys are personal property. See Manning v. State, 735 So.2d 323 (Miss.1999). In Manning, this Court affirmed a conviction of capital murder where the underlying felony of robbery was for only twelve dollars. Furthermore, the intent to commit robbery is a question of fact for the jury, and it is within the jury’s province to reasonably infer robbery based upon the facts and circumstances of the case. The Mississippi Legislature made it quite clear that any personal property taken against one’s will, by violence or fear of violence, would be robbery.
¶ 33. The jury, as trier of fact, heard the facts of the case and drew a permissible inference from these facts that Knox’s motive was to rob Spear. Unless the defendant expresses his intent, the only method by which his intent or motive to rob may be proven is by showing his acts at the time in question, the circumstances surrounding the incident. Wheat v. State, 420 So.2d 229, 238 (Miss.1982); Voyles v. *536 State, 362 So.2d 1236, 1243 (Miss.1978). There is no doubt here that there is sufficient evidence from which a reasonable person could infer Knox’s intent to rob, and this Court, therefore, has a duty to respect the jury’s decision. In the instant case, the inference as to Knox’s motive was not based on mere assumptions, presumptions or probabilities.
¶ 34. For these reasons, I strongly concur with the majority to affirm Knox’s conviction and death sentence for capital murder.
SMITH, P.J., WALLER, COBB and CARLSON, JJ., join this opinion.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). *following remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
*537 Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss. 1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581(Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
* Pinkney v. State, 538 So.2d 329 (Miss. 1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
*538 Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).
* Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Randall v. State, 806 So.2d 185 (Miss.2001).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards-v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
*539 Lanier v. State, 684 So.2d 98 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1285 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
*540 Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 4:98 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
* Pinkney v. State, 538 So.2d 329 (Miss. 1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Maekbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1989); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of ha-beas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir. 1992); resentencing affirmed, Wiley v. State, 95-DP-00149, 691 So.2d 959 (1997) (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).
* Case was originally affirmed in this Court but on remand from U.S. Supreme Court, *541 case was remanded by this Court for a new sentencing hearing.