## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-DP-01812-SCT

*STEVE KNOX a/k/a STEVE MICHAEL KNOX*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/29/1999 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GUS GRABLE SERMOS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARVIN L. WHITE, JR. |
| | JUDY T. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - DIRECT APPEAL |
| DISPOSITION: | AFFIRMED - 1/24/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/14/2002 |

### EN BANC.

### SMITH, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case comes to our Court on appeal of Steve Knox from the Circuit Court of Amite County. Knox was convicted of the capital murder of Ella Mae Spears and sentenced to death. He argues that the State presented insufficient evidence to prove the underlying felony of robbery and, therefore, the charge of capital murder; that the evidence is insufficient to support a jury instruction regarding the "heinous, atrocious or cruel" aggravating factor; and that the language of the instruction is constitutionally inadequate. This Court finds that all issues raised by Knox are without merit. Therefore, his conviction and sentence are affirmed.

### FACTS

¶2. On October 22, 1998, Ella Mae Spears was scheduled to travel from Liberty to Fayette, Mississippi, to babysit the children of her niece, Guy Alice Spears Green. When Ms. Spears failed to arrive in Fayette as scheduled, Green contacted Spears's son, Albert McKnight, who, in turn, contacted Amite County Sheriff Gene McClendon. McKnight and McClendon then went to Spears's residence in Liberty.

¶3. When they arrived at approximately 2 p.m., the back door of the house leading to the garage was closed but unlocked, and Spears could not be found. Her purse was on a table inside the house, and her car was in the carport. McClendon discovered dark stains on the floor of the carport which appeared to be a blood trail leading to the rear of Spears's car. When he could not locate the car keys, McClendon contacted the dealership from which the car was purchased and obtained a duplicate key, which was used to open the trunk. Inside was the deceased body of Spears, covered with a quilt. Autopsy results indicated that Spears's death was consistent with manual strangulation.

¶4. After discovering the body, Chief Deputy Sheriff Donald Butler left the scene to interview people in the community to "develop a suspect." Phillip Brown gave him information that Steve Knox was involved in Ms. Spears's death. Butler and McClendon then began searching for Knox based on the description given to them by Brown.

¶5. The officers found Knox walking on the side of a road approximately one-quarter of a mile from his parents' house, where Knox lived and which is located across a field from Spears's house. Butler questioned Knox about Spears, and Knox denied knowing her. Butler testified that he then noticed some small "brownish reddish" spots on Knox's left thigh and decided to take Knox to the sheriff's station. While he was being "frisked," Knox broke away and attempted (unsuccessfully) to flee. In the patrol car Knox proclaimed his innocence and refused to speak to the investigators. At the station, Butler found a set of keys in Knox's back pocket, which were later determined to be Spears's missing house and car keys.

¶6. At approximately 6 p.m. on October 22, 1998, investigators went to Knox's parents' house and were given consent to search. There they found clothing belonging to Knox, including a shirt and a pair of jogging pants, which were stained with wet, "reddish brown" spots. The next day, Butler confronted Knox with the clothing.

¶7. Knox admitted that he owned the clothes, and he gave the following account. Knox said he woke up at approximately 7 a.m. on October 22 and went outside in a field to relieve himself. He said the next thing he remembered was waking up in the field about mid-morning with blood on his clothes. He then went to his grandfather's house nearby and went to the bathroom, where he became nauseated and then saw blood on his shirt, which he attempted to wash off. Knox said he could not remember how the blood got on his shirt. He then went to his own residence where he changed clothes.

¶8. When Butler asked Knox about the keys in his pocket, Knox said he did not remember how he got them, but that the jogging pants did not have pockets. He admitted to remembering putting the keys in the pocket of the blue jeans he was wearing at the time he was taken into custody. He continued to deny knowing Spears.

¶9. The Amite County Grand Jury returned an indictment against Knox in October, 1998, charging him with capital murder while in the commission of a robbery pursuant to Miss. Code Ann. § 97-3-19. Following a change of venue, Knox was tried September 27-29, 1999, in the Franklin County Circuit Court. The jury found that Knox killed Ella Mae Spears, without justification, while in the act of robbing her on October 22, 1998, and sentenced him to death.

¶10. Franklin County Circuit Judge Forrest A. Johnson entered the sentencing order on the jury verdict on September 29, 1999, and on October 1, 1999, transferred the case back to the Amite County Circuit Court. On October 7, 1999, Knox filed a Motion for a New Trial, or, In the Alternative, for Judgment Notwithstanding the Verdict. The Amite County Circuit Court denied the motion. Knox timely filed his notice of appeal.

## STANDARD OF REVIEW

¶11. Death sentences must be reviewed under what has been labeled "heightened scrutiny." *Flowers v. State*, 773 So. 2d 309, 317 (Miss. 2000). All genuine doubts are to be resolved in favor of the defendant because "what may be harmless error in a case with less at stake becomes reversible error when the

penalty is death." ***Balfour v. State***, 598 So. 2d 731, 739 (Miss.1992) (quoting ***Irving v. State***, 361 So. 2d 1360, 1363 (Miss. 1978)).

## DISCUSSION

### I. THE TRIAL COURT ERRED IN DENYING KNOX'S MOTION FOR DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING THE VERDICT AS TO THE CAPITAL MURDER AND THE UNDERLYING FELONY OF ROBBERY.

¶12. Knox contends that the State presented insufficient evidence to prove the underlying felony of robbery and, therefore, the charge of capital murder. When reviewing the sufficiency of the evidence, this Court looks to all of the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. ***Jackson v. State***, 614 So. 2d, 965, 972 (Miss. 1993). All of the evidence must be considered in the light most favorable to the verdict, and the credible evidence consistent with guilt must be accepted as true. ***Gleeton v. State***, 716 So. 2d 1083, 1087 (Miss. 1998) (citing ***Franklin v. State***, 676 So. 2d 287, 288 (Miss. 1996); ***Wetz v. State***, 503 So. 2d 803, 808 (Miss. 1987)). "The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence." ***Id.***

¶13. Knox does not argue that the jury was not adequately instructed by the trial court on the questions of law involved in a felony murder. The trial court fully instructed the jury on the statutory definition of robbery:

> Every person who shall feloniously take the **personal property** of another in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.

Miss. Code Ann. § 97-3-73 (2000) (emphasis added). Instead, Knox argues that the State failed to prove that he intended to rob Spears when he killed her. He relies on ***Register v. State***, 232 Miss 128, 97 So. 2d 919, 921-22 (1957), for the proposition that robbery requires that the taking of the property "be the result of force or fear; and force or fear which is a consequence, and not the means, of the taking, will not suffice." Knox argues that because no direct evidence was presented as to when and under what circumstances he came into possession of Ms. Spears's keys, the jury could not have determined, beyond a reasonable doubt, that he intended to take Ms. Spears's keys from her or that he took them from her after she was killed.

¶14. It is not necessary that the victim be deprived of property prior to death to sustain a conviction for robbery. ***West v. State***, 463 So. 2d 1048, 1056 (Miss. 1985). "An indictment charging a killing occurring 'while engaged in the commission of [robbery]' includes the actions of the defendant leading up to the felony, the attempted felony, and flight from the scene of the felony." ***West v. State***, 553 So. 2d 8, 13 (Miss. 1989). *See also **Turner v. State***, 732 So. 2d 937, 950 (Miss. 1999). "Intent to do an act or commit a crime is also a question of fact to be gleaned by the jury from the facts shown in each case." ***Shanklin v. State***, 290 So. 2d 625, 627 (Miss. 1974). Fully considering the crime in question, the location of Spears' body in the trunk of her car, and the keys to that car in Knox's possession even after he changed his clothes, it is clearly a question for the jury whether Spears was robbed or whether it was Knox's intent to rob her. Unquestionably, the proof demonstrates that Spears was strangled which caused large amounts of blood to accumulate in her lungs, which would have resulted in a slow, heinous death. A blood trail led from a spot in her garage to the trunk of her car, with no sign of entry into her home, all of which indicates that

Knox took the keys from Spears's person while she was in the garage.

¶15. Furthermore, it is most significant that Knox was in possession of Spears's car and house keys - **her personal property** - at the time he was arrested. Miss. Code Ann. § 97-3-73 clearly establishes the necessary elements for proof of robbery, including the taking of **personal property of another**. The Legislature did not place a value in determining what constitutes personal property of another. Had the Legislature intended otherwise it would have so stated in the statute. This Court has stated, "The taking of property was the element relevant to establish each charge regardless of its value." *Holly v. State*, 671 So. 2d 32, 45 (Miss. 1996). Thus, the fact that Knox took only the victim's house and car keys which were of mere nominal value is of no great concern. This Court has upheld the underlying felony of robbery where only property of nominal or modest value was taken. In *Fisher v. State*, 481 So. 2d 203 (Miss. 1985), the Court stated:

> There is evidence that Fisher took from Melinda Gail Weathers several pieces of jewelry, personal property having some value, although modest. The same evidence mentioned above would enable any reasonable juror to conclude beyond a reasonable doubt that this taking was by violence to her person or by putting her in fear of immediate personal injury. Fisher's felonious intent is similarly shown by that which the established facts and circumstances show that he did. *Wheat v. State,* 420 So. 2d 229, 238-39 (Miss. 1982); *Voyles v. State,* 362 So. 2d 1236, 1242-43 (Miss. 1978). We hold that the evidence in this case was legally adequate to establish that Larry Fisher committed the underlying felony of robbery of Melinda Gail Weathers.

418 So. 2d at 213. This Court has also affirmed a capital murder conviction with the underlying robbery for a mere $12.00. *Manning v. State*, 735 So. 2d 323 (Miss. 1999).

¶16. The Supreme Court of New York, in *People v. Gonzalez*, 254 A.D. 2d 157, 158, 681 N.Y.S. 2d 3, 4 (N.Y. App. Div. 1998), also addressed this issue in upholding a robbery conviction when the theft involved only car keys, property of nominal or modest value. That court stated, "The evidence supported defendant's conviction of robbery rather than attempted robbery based upon his role in the theft of car keys." *Id.* (citing *People v. Laster*, 241 A.D. 2d 306, 659 N.Y.S. 2d 38 (N.Y. App. Div. 1997), *lv. denied* 90 N.Y. 2d 941, 664 N.Y.S. 2d 759, 687 N.E. 2d 656 (N.Y. 1997)).

¶17. Knox argues that he could have used the keys to open the trunk of the car to conceal Spears's body, then absent-mindedly placed the keys in his pocket. This argument is contradicted by the evidence. The pants Knox was wearing at the time of the murder had no pockets. Knox stated that he remembered changing clothes and that, at that time, he put the keys into his pocket.

¶18. Here, the elements of robbery by theft of house and car keys, the underlying felony, was clearly established and proven beyond a reasonable doubt. Again, when the defendant is discovered with the personal property of the deceased on his person it is entirely within reason for the jury to find that this fact in itself constitutes robbery. It is also within the jury's province to conclude that Knox killed Spears intending to take her car and that he either failed to do so or intended to return at a later time. This assignment of error is without merit.

### II. WHETHER THE TRIAL COURT ERRED IN GRANTING INSTRUCTION S-8 REGARDING THE "ESPECIALLY HEINOUS, ATROCIOUS OR CRUEL" AGGRAVATING FACTOR.

¶19. Knox contends the language of Sentencing Instruction S-8 is constitutionally inadequate and also that the State failed to introduce sufficient evidence at the sentencing hearing to support the instruction. Instruction S-8 states:

> The Court instructs the jury that in considering whether the capital offense was especially heinous, atrocious or cruel; heinous means extremely wicked or shockingly evil; atrocious means outrageously wicked and vile; and cruel means designed to inflict a high degree of pain with indifference to, or even enjoyment of the suffering of others.

> An especially heinous, atrocious or cruel capital offense is one accompanied by such additional acts as to set the crime apart from the norm of capital murders - the conscienceless or pitiless crime which is unnecessarily torturous to the victim. If you find from the evidence beyond a reasonable doubt that the defendant utilized a method of killing which caused serious mutilation, that there was dismemberment of the body prior to death, that the defendant inflicted physical or mental pain before death, that there was mental torture and aggravation before death, or that a lingering or torturous death was suffered by the victim, then you may find this aggravating circumstance.

¶20. Knox maintains that language identical to the first paragraph of the above instruction was held unconstitutional by the United States Supreme Court in *Shell v. Mississippi*, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990). In *Shell*, the Supreme Court found that, used alone, language identical to that used in the first paragraph of instruction S-8 was not constitutionally sufficient. *Id.* at 2, 111 S.Ct. at 314. However, the language used in the first sentence of the second paragraph was determined by the Supreme Court to be a proper limiting instruction to the *Shell* language in *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). This Court has repeatedly held this instruction to be constitutionally sufficient. *See, e.g., Puckett v. State*, 737 So. 2d 322, 359-60 (Miss. 1999); *Jackson v. State*, 684 So. 2d 1213, 1236-37 (Miss.1996). This argument is wholly without merit.

¶21. Knox also argues that the State failed to offer evidence sufficient to support the instruction. Again, when reviewing a challenge to the sufficiency of the evidence, this Court considers all of the evidence in the light most consistent with the verdict, giving the State the benefit of all inferences favorable to the verdict. *Evans v. State*, 725 So. 2d 613, 691 (Miss. 1997) (reviewing sufficiency of evidence to support aggravating circumstance). This Court finds that there was sufficient evidence in the record to warrant the instruction.

¶22. This Court has stated that the number of wounds and the fact that death was not immediate, but prolonged may be properly considered as evidence supporting a jury's finding of the aggravating factor at issue. *Davis v. State*, 684 So. 2d 643, 662 (Miss.1996). Dr. Steven Hayne, who performed the autopsy on Spears, testified that the cause of death was manual strangulation. The proof demonstrates that the strangulation caused large amounts of blood to accumulate in Spears's lungs, which would have resulted in a slow, heinous death, taking anywhere from one to three minutes. Dr. Hayne testified that death by manual strangulation is painful and that Spears's body showed that she had struggled against her attacker. Spears suffered extensive bruising on the face, chest, and neck as well as cuts and abrasions on those areas. Dr. Hayne testified that there was extensive bleeding from by cuts on the forehead as well as from the nose and mouth. Dr. Hayne explained that Spears's blood had escaped from the blood vessels, travelled up the airway, mixed with air forming bloody froth, and eventually left the nose and mouth and flowed over the external surface of her body.

¶23. Knox relies on *Taylor v. State*, 672 So. 2d 1246 (Miss. 1996), for the proposition that death by strangulation cannot be an "especially heinous" manner of death. *Taylor* is distinguishable from the case sub judice. In *Taylor*, the victim's badly decomposed body was found nearly two months after her disappearance. There was no evidence before the jury as to how the crime was actually committed or that the victim was even conscious or aware of her impending death at the time of the murder. *Id.* at 1276 (majority), 1278 (Lee, C.J., concurring). This Court concluded that whether the victim's death was "especially heinous" was purely a matter of speculation. *Id.* at 1276.

¶24. In the case sub judice, the jury was not required to so speculate. The proof demonstrated that Spears was conscious at the time of her death, that her death was slow and painful, that she struggled against her attacker, and that she suffered numerous injuries to her body, all prior to being stuffed into the trunk of her car. This assignment of error is without merit.

### III. WHETHER THE SENTENCE OF DEATH IS A DISPROPORTIONATE PENALTY IN THIS CASE.

¶25. Miss. Code Ann. § 99-19-105(3) (2000) requires that a proportionality review be conducted by this Court when affirming a death sentence in a capital case. It does not appear that Knox's death sentence was imposed under the influence of passion, prejudice or any other arbitrary factor. As discussed previously, the evidence supports the "heinous, atrocious, or cruel" aggravating factor. Finally, it does not appear upon comparison to other factually similar cases where the death sentence was imposed, that the sentence of death is disproportionate in this case. *See* Appendix of death penalty cases decided by this Court. Having given individualized consideration to Knox and the crimes in the present case, this Court concludes that there is nothing about Knox or his crimes that would make the death penalty excessive or disproportionate in this case. *See Doss v. State*, 709 So. 2d 369 (Miss.1997) (death sentence was proportionate where defendant robbed and shot victim); *Cabello v. State*, 471 So. 2d 332, 350 (Miss. 1985) (death sentence was proportionate where defendant strangled and robbed victim); *Evans v. State*, 422 So. 2d 737, 739 (Miss.1982) (death sentence was proportionate where defendant robbed and shot victim).

### CONCLUSION

¶26. The State presented sufficient evidence to support the underlying felony of robbery, and therefore the charge of capital murder. Furthermore, the evidence was sufficient to support the "heinous, atrocious or cruel" aggravating factor, and the language employed in instruction S-8 has been repeatedly approved by this Court. Therefore, the judgment of the circuit court is affirmed.

¶27. **CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH BY LETHAL INJECTION AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. EASLEY, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., WALLER, COBB AND CARLSON, JJ.**

**EASLEY, JUSTICE, CONCURRING:**

¶28. Ella Mae Spears (Spears) was a mother and grandmother who was silenced by a brutal murder. Who

speaks for Spears? The evidence does. Hard evidence was presented to a Franklin County jury to support Knox's conviction for capital murder.

¶29. There exists sufficient evidence to support the underlying felony of robbery, a necessary element to elevate the crime of murder to capital murder. *See* Miss. Code Ann. §§ 97-3-19(2) & -73 (2000).

¶30. First, the facts prove that Spears was murdered by strangulation in her garage, and her body thrown into the trunk of her car. Second, the keys to Spears's car and house were found on Knox when he was questioned by the police. Third, when recovered, Knox's clothes had Spears's blood on them. Fourth, Knox drug Spears's body to place it inside the trunk thereby leaving a blood trail. Fifth, Knox took Spears's keys from her body. The blood trail proves these facts. There was no blood trail going to the house or in the car's interior which proves Knox did not enter Spears's house or car to take her keys, but he took the keys directly off Spears's person. Sixth, Spears's body was covered with a large amount of her own blood, which shows during the strangulation Spears struggled for her life before dying. Spears's blood came from a head wound and from the blood depositing in her lungs. Her murder was not fast or painless but, instead, was a heinous, brutal death. ¶31. The evidence presented to the jury in this case clearly established beyond a reasonable doubt all elements necessary to determine Knox robbed Spears by taking her keys and murdering her. Pursuant to Miss. Code Ann. § 97-3-19(2) the murder of Spears, elevated by the robbery, constitutes capital murder. At trial, the jury heard this same evidence and found Knox guilty of capital murder.

¶32. Keys unlock our dwellings, transportation, and safe deposit boxes. Keys are clearly personal property and would not be freely given to an intruder without violence or a threat of violence. In adopting Miss. Code Ann. § 97-3-73, the Mississippi Legislature did not place any minimum value on personal property in deciding what constitutes personal property; therefore, keys are personal property. *See [Manning v. State](#)*, 735 So.2d 323 (Miss. 1999). In *Manning*, this Court affirmed a conviction of capital murder where the underlying felony of robbery was for only twelve dollars. Furthermore, the intent to commit robbery is a question of fact for the jury, and it is within the jury's province to reasonably infer robbery based upon the facts and circumstances of the case. The Mississippi Legislature made it quite clear that **any** personal property taken against one's will, by violence or fear of violence, would be robbery.

¶33. The jury, as trier of fact, heard the facts of the case and drew a permissible inference from these facts that Knox's motive was to rob Spear. Unless the defendant expresses his intent, the only method by which his intent or motive to rob may be proven is by showing his acts at the time in question, the circumstances surrounding the incident. *Wheat v. State*, 420 So.2d 229, 238 (Miss. 1982); *Voyles v. State*, 362 So.2d 1236, 1243 (Miss. 1978). There is no doubt here that there is sufficient evidence from which a reasonable person could infer Knox's intent to rob, and this Court, therefore, has a duty to respect the jury's decision. In the instant case, the inference as to Knox's motive was not based on mere assumptions, presumptions or probabilities.

¶34. For these reasons, I strongly concur with the majority to affirm Knox's conviction and death sentence for capital murder.

**SMITH, P.J., WALLER, COBB AND CARLSON, JJ., JOIN THIS OPINION.**

**APPENDIX**

## DEATH CASES AFFIRMED BY THIS COURT

*Berry v. State,* -- So.2d -- (Miss. 2001).

*Snow v. State*, 800 So.2d 472 (Miss. 2001).

*Mitchell v. State,* 792 So.2d 192 (Miss. 2001).

*Puckett v. State,* 788 So.2d 752 (Miss. 2001). * following remand.

*Goodin v. State,* 787 So.2d 639 (Miss. 2001).

*Jordan v. State,* 786 So.2d 987 (Miss. 2001).

*Manning v. State,* 765 So.2d 516 (Miss. 2000). *following remand.

*Eskridge v. State,* 765 So.2d 508 (Miss. 2000).

*McGilberry v. State,* 741 So. 2d 894 (Miss. 1999)*.*

*Puckett v. State,* 737 So. 2d 322 (Miss. 1999). *remanded for *Batson* hearing.

*Manning v. State,* 735 So. 2d 323 (Miss. 1999). *remanded for *Batson* hearing.

*Hughes v. State,* 735 So. 2d 238 (Miss. 1999).

*Turner v. State,* 732 So. 2d 937 (Miss. 1999).

*Smith v. State,* 729 So. 2d 1191 (Miss. 1998).

*Burns v. State,* 729 So. 2d 203 (Miss. 1998).

*Jordan v. State,* 728 So. 2d 1088 (Miss. 1998).

*Gray v. State,* 728 So. 2d 36 (Miss. 1998).

*Manning v. State,* 726 So. 2d 1152 (Miss. 1998).

*Woodward v. State,* 726 So. 2d 524 (Miss. 1997).

*Bell v. State,* 725 So. 2d 836 (Miss. 1998).

*Evans v. State,* 725 So. 2d 613 (Miss. 1997).

*Brewer v. State,* 725 So. 2d 106 (Miss. 1998).

*Crawford v. State,* 716 So. 2d 1028 (Miss. 1998).

*Doss v. State,* 709 So. 2d 369 (Miss. 1996).

*Underwood v. State,* 708 So. 2d 18 (Miss. 1998).

*Holland v. State,* 705 So. 2d 307 (Miss. 1997). **<u>DEATH CASES AFFIRMED BY THIS COURT</u>**

**<u>(continued)</u>**

*Wells v. State,* 698 So. 2d 497 (Miss. 1997).

*Wilcher v. State,* 697 So. 2d 1087 (Miss. 1997).

*Wiley v. State,* 691 So. 2d 959 (Miss. 1997).

*Brown v. State*, 690 So. 2d 276 (Miss. 1996).

*Simon v. State*, 688 So. 2d 791 (Miss.1997).

*Jackson v. State*, 684 So. 2d 1213 (Miss. 1996).

*Williams v. State,* 684 So. 2d 1179 (Miss. 1996).

*Davis v. State,* 684 So. 2d 643 (Miss. 1996).

*Taylor v. State*, 682 So. 2d. 359 (Miss. 1996).

*Brown v. State*, 682 So. 2d 340 (Miss. 1996).

*Blue v. State*, 674 So. 2d 1184 (Miss. 1996).

*Holly v. State*, 671 So. 2d 32 (Miss. 1996).

*Walker v. State*, 671 So. 2d 581(Miss. 1995).

*Russell v. State*, 670 So. 2d 816 (Miss. 1995).

*Ballenger v. State*, 667 So. 2d 1242 (Miss. 1995).

*Davis v. State*, 660 So. 2d 1228 (Miss. 1995).

*Carr v. State*, 655 So. 2d 824 (Miss. 1995).

*Mack v. State*, 650 So. 2d 1289 (Miss. 1994).

*Chase v. State*, 645 So. 2d 829 (Miss. 1994).

*Foster v. State*, 639 So. 2d 1263 (Miss. 1994).

*Conner v. State*, 632 So. 2d 1239 (Miss. 1993).

*Hansen v. State*, 592 So. 2d 114 (Miss. 1991).

**<u>DEATH CASES AFFIRMED BY THIS COURT</u>**

**<u>(continued)</u>**

*****Shell v. State***, 554 So. 2d 887 (Miss. 1989), ***Shell v. Mississippi,*** 498 U.S. 1 (1990) reversing, in

part, and remanding, *Shell v. State*, 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

*Davis v. State*, 551 So. 2d 165 (Miss. 1989).

*Minnick v. State*, 551 So. 2d 77 (Miss. 1989).

*\*Pinkney v. State*, 538 So. 2d 329 (Miss. 1989), *Pinkney v. Mississippi*, 494 U.S. 1075 (1990) vacating and remanding *Pinkney v. State*, 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

*\*Clemons v. State*, 535 So. 2d 1354 (Miss. 1988), *Clemons v. Mississippi*, 494 U.S. 738 (1990) vacating and remanding, *Clemons v. State*, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

*Woodward v. State*, 533 So. 2d 418 (Miss. 1988).

*Nixon v. State*, 533 So. 2d 1078 (Miss. 1987).

*Cole v. State*, 525 So. 2d 365 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1346 (Miss. 1987).

*Lockett v. State*, 517 So. 2d 1317 (Miss. 1987).

*Faraga v. State*, 514 So. 2d 295 (Miss. 1987).

*\*Jones v. State*, 517 So. 2d 1295 (Miss. 1987)*, Jones v. Mississippi*, 487 U.S. 1230 (1988) vacating and remanding, *Jones v. State*, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Wiley v. State*, 484 So. 2d 339 (Miss. 1986).

*Johnson v. State*, 477 So. 2d 196 (Miss. 1985).

*Gray v. State*, 472 So. 2d 409 (Miss. 1985).

*Cabello v. State*, 471 So. 2d 332 (Miss. 1985).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Jordan v. State*, 464 So. 2d 475 (Miss. 1985).

*Wilcher v. State*, 455 So. 2d 727 (Miss. 1984).

*Billiot v. State*, 454 So. 2d 445 (Miss. 1984).

*Stringer v. State*, 454 So. 2d 468 (Miss. 1984).

*Dufour v. State*, 453 So. 2d 337 (Miss. 1984).

*Neal v. State*, 451 So. 2d 743 (Miss. 1984).

*Booker v. State*, 449 So. 2d 209 (Miss. 1984).

*Wilcher v. State*, 448 So. 2d 927 (Miss. 1984).

*Caldwell v. State*, 443 So. 2d 806 (Miss. 1983).

*Irving v. State*, 441 So. 2d 846 (Miss. 1983).

*Tokman v. State*, 435 So. 2d 664 (Miss. 1983).

*Leatherwood v. State*, 435 So. 2d 645 (Miss. 1983).

*Hill v. State*, 432 So. 2d 427 (Miss. 1983).

*Pruett v. State*, 431 So. 2d 1101 (Miss. 1983).

*Gilliard v. State*, 428 So. 2d 576 (Miss. 1983).

*Evans v. State*, 422 So. 2d 737 (Miss. 1982).

*King v. State*, 421 So. 2d 1009 (Miss. 1982).

*Wheat v. State*, 420 So. 2d 229 (Miss. 1982).

*Smith v. State*, 419 So. 2d 563 (Miss. 1982).

*Johnson v. State*, 416 So. 2d 383 (Miss.1982).

*Edwards v. State*, 413 So. 2d 1007 (Miss. 1982).

*Bullock v. State*, 391 So. 2d 601 (Miss. 1980).

*Reddix v. State*, 381 So. 2d 999 (Miss. 1980).

## DEATH CASES AFFIRMED BY THIS COURT

### (continued)

*Jones v. State*, 381 So. 2d 983 (Miss. 1980).

*Culberson v. State*, 379 So. 2d 499 (Miss. 1979).

*Gray v. State*, 375 So. 2d 994 (Miss. 1979).

*Jordan v. State*, 365 So. 2d 1198 (Miss. 1978).

*Voyles v. State*, 362 So. 2d 1236 (Miss. 1978).

*Irving v. State*, 361 So. 2d 1360 (Miss. 1978).

*Washington v. State*, 361 So. 2d 6l (Miss. 1978).

*Bell v. State*, 360 So. 2d 1206 (Miss. 1978).

\* Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

## DEATH CASES REVERSED AS TO GUILT PHASE

## <u>AND SENTENCE PHASE</u>

*Randall v. State,* -- So. 2d -- (Miss. 2001).

*Flowers v. State,* 773 So.2d 309 (Miss. 2000).

*Edwards v. State,* 737 So. 2d 275 (Miss. 1999).

*Smith v. State,* 733 So. 2d 793 (Miss. 1999).

*Porter v. State,* 732 So.2d 899 (Miss. 1999).

*Kolberg v. State,* 704 So. 2d 1307 (Miss. 1997).

*Snelson v. State,* 704 So. 2d 452 (Miss. 1997).

*Fusilier v. State*, 702 So. 2d 388 (Miss. 1997).

*Howard v. State,* 701 So. 2d 274 (Miss. 1997).

*Lester v. State,* 692 So. 2d 755 (Miss. 1997).

*Hunter v. State*, 684 So. 2d 625 (Miss. 1996).

*Lanier v. State*, 684 So. 2d 93 (Miss. 1996).

*Giles v. State*, 650 So. 2d 846 (Miss. 1995).

*Duplantis v. State*, 644 So. 2d 1235 (Miss. 1994).

*Harrison v. State*, 635 So. 2d 894 (Miss. 1994).

*Butler v. State*, 608 So. 2d 314 (Miss. 1992).

*Jenkins v. State*, 607 So. 2d 1171 (Miss. 1992).

*Abram v. State*, 606 So. 2d 1015 (Miss. 1992).

*Balfour v. State*, 598 So. 2d 731 (Miss. 1992).

*Griffin v. State*, 557 So. 2d 542 (Miss. 1990).

*Bevill v. State*, 556 So. 2d 699 (Miss. 1990).

*West v. State*, 553 So. 2d 8 (Miss. 1989).

*Leatherwood v. State*, 548 So. 2d 389 (Miss. 1989).

*Mease v. State*, 539 So. 2d 1324 (Miss. 1989).

*Houston v. State*, 531 So. 2d 598 (Miss. 1988).

## DEATH CASES REVERSED AS TO GUILT PHASE

## AND SENTENCE PHASE

### (continued)

*West v. State*, 519 So. 2d 418 (Miss. 1988).

*Davis v. State*, 512 So. 2d 129l (Miss. 1987).

*Williamson v. State*, 512 So. 2d 868 (Miss. 1987).

*Foster v. State*, 508 So. 2d 1111 (Miss. 1987).

*Smith v. State*, 499 So. 2d 750 (Miss. 1986).

*West v. State*, 485 So. 2d 681 (Miss. 1985).

*Fisher v. State*, 481 So. 2d 203 (Miss. 1985).

*Johnson v. State*, 476 So. 2d 1195 (Miss. 1985).

*Fuselier v. State*, 468 So. 2d 45 (Miss. 1985).

*West v. State*, 463 So. 2d 1048 (Miss. 1985).

*Jones v. State*, 461 So. 2d 686 (Miss. 1984).

*Moffett v. State*, 456 So. 2d 714 (Miss. 1984).

*Lanier v. State*, 450 So. 2d 69 (Miss. 1984).

*Laney v. State*, 421 So. 2d 1216 (Miss. 1982).

## DEATH CASES REVERSED

## AS TO PUNISHMENT AND REMANDED

## FOR RESENTENCING TO LIFE IMPRISONMENT

*Reddix v. State*, 547 So. 2d 792 (Miss. 1989).

*Wheeler v. State*, 536 So. 2d 1341 (Miss. 1 988).

*White v. State*, 532 So. 2d 1207 (Miss. 1988).

*Bullock v. State*, 525 So. 2d 764 (Miss. 1987).

*Edwards v. State*, 441 So. 2d 84 (Miss. l983).

*Dycus v. State*, 440 So. 2d 246 (Miss. 1983).

*Coleman v. State*, 378 So. 2d 640 (Miss. 1979).

## DEATH CASES REVERSED AS TO

## PUNISHMENT AND REMANDED FOR A NEW TRIAL

## ON SENTENCING PHASE ONLY

*King v. State,* 784 So.2d 884 (Miss. 2001).

*Walker v. State,* 740 So.2d 873 (Miss. 1999).

*Watts v. State,* 733 So.2d 214 (Miss. 1999).

*West v. State,* 725 So. 2d 872 (Miss. 1998).

*Smith v. State*, 724 So. 2d 280 (Miss. 1998).

*Berry v. State,* 703 So. 2d 269 (Miss. 1997).

*Booker v. State*, 699 So. 2d 132 (Miss. 1997).

*Taylor v. State*, 672 So. 2d 1246 (Miss. 1996).

\***Shell v. State**, 554 So. 2d 887 (Miss. 1989), **Shell v. Mississippi**, 498 U.S. 1 (1990) reversing, in part, and remanding, **Shell v. State** 595 So. 2d 1323 (Miss. 1992) remanding for new sentencing hearing.

\***Pinkney v. State**, 538 So. 2d 329 (Miss. 1989), **Pinkney v. Mississippi,** 494 U.S. 1075 (1990) vacating and remanding, **Pinkney v. State,** 602 So. 2d 1177 (Miss. 1992) remanding for new sentencing hearing.

\***Clemons v. State**, 535 So. 2d 1354 (Miss. 1988), **Clemons v. Mississippi**, 494 U.S. 738 (1990) vacating and remanding, **Clemons v. State**, 593 So. 2d 1004 (Miss. 1992) remanding for new sentencing hearing.

\***Jones v. State**, 517 So. 2d 1295 (Miss. 1987), **Jones v. Mississippi,** 487 U.S. 1230 (1988) vacating and remanding, **Jones v. State**, 602 So. 2d 1170 (Miss. 1992) remanding for new sentencing hearing.

*Russell v. State*, 607 So. 2d 1107 (Miss. 1992).

*Holland v. State*, 587 So. 2d 848 (Miss. 1991).

*Willie v. State*, 585 So. 2d 660 (Miss. 1991).

*Ladner v. State*, 584 So. 2d 743 (Miss. 1991).

*Mackbee v. State*, 575 So. 2d 16 (Miss. 1990).

# DEATH CASES REVERSED AS TO

# PUNISHMENT AND REMANDED FOR A NEW TRIAL

# ON SENTENCING PHASE ONLY

### (continued)

*Berry v. State*, 575 So. 2d 1 (Miss. 1990).

*Turner v. State*, 573 So. 2d 657 (Miss. 1990).

*State v. Tokman*, 564 So. 2d 1339 (Miss. 1990).

*Johnson v. State*, 547 So. 2d 59 (Miss. 1989).

*Williams v. State*, 544 So. 2d 782 (Miss. 1989); *sentence aff'd* 684 So. 2d 1179 (1996).

*Lanier v. State*, 533 So. 2d 473 (Miss. 1988).

*Stringer v. State*, 500 So. 2d 928 (Miss. 1986).

*Pinkton v. State*, 481 So. 2d 306 (Miss. 1985).

*Mhoon v. State*, 464 So. 2d 77 (Miss. 1985).

*Cannaday v. State*, 455 So. 2d 713 (Miss. 1984).

*Wiley v. State*, 449 So. 2d 756 (Miss. 1984); resentencing affirmed, *Wiley v. State*, 484 So. 2d 339 (Miss. 1986), *cert. denied Wiley v. Mississippi*, 479 U.S. 1036 (1988); resentencing ordered, *Wiley v. State*, 635 So. 2d 802 (Miss. 1993) following writ of habeas corpus issued pursuant to *Wiley v. Puckett*, 969 So. 2d 86, 105-106 (5th Cir. 1992); resentencing affirmed, *Wiley v. State*, 95-DP-00149, February 13, 1997 (rehearing pending).

*Williams v. State*, 445 So. 2d 798 (Miss. 1984).

* Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.